# JOSEPH OSWALD
## v.
## PETER WOLF.

*Jurisdiction—Appeal—Freehold—Right of Way.*

No appeal lies to this court in a case involving an estate in fee in a right of way, such an estate being a freehold.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. PERRY A. HULL, for appellant.

Mr. ELMER W. ADKINSON, for appellee.

BAILEY, J. This was a bill in chancery, brought by Peter Wolf against Joseph Oswald, for the establishment and perpetual maintenance of a right of way, in favor of the complainant, over certain lands of the defendant, and for the removal of certain obstructions which the defendant had erected thereon. The bill alleges, in substance, that in December, 1855, one Peter Duffy, being the owner in fee of a certain tract of land in Cook County, lying on the west side and adjacent to Halsted Street, containing ten acres, conveyed to the complainant the west one-third of said tract, and also at the same time and by the same deed conveyed to the complainant the right of way over a strip of land fourteen feet in width, running from said west one-third of said tract east, through the center of the remaining two-thirds of said tract, to Halsted Street; that the complainant, in pursuance of said conveyance, entered into possession of said west one-third of said tract, and has ever since continued in possession thereof; that the defendant afterward became possessed of the remaining two-thirds of said tract, subject to the complainant's right

of way over the same, and has recently erected obstructions upon said right of way, so as to render it impossible for the complainant to use the same. The bill prays that the defendant be decreed to remove all obstructions from said right of way, and permit the complainant and those claiming under him an unobstructed passage over the same, and to forever maintain said right of way in condition to be used by the complainant and those claiming under him; and a general prayer for relief.

The defendant, by his answer, among other things, denied and put in issue the complainant's title to said right of way, and the cause coming to be heard on pleadings and proofs, the court rendered a decree establishing said right of way in the complainant, and perpetually restraining the defendant from obstructing the same, and from hindering and impeding the uninterrupted use of the same by the complainant, his agents, servants or assigns, and also requiring the defendant, by a certain day, to remove the obstacles from said right of way in such manner as to enable the complainant to use and enjoy the same.

From the foregoing statement it will be seen that a serious question arises as to the jurisdiction of this court. Section 88 of the Practice Act, as amended June 3, 1879, provided that in all cases in which a freehold was involved appeals should be taken from the trial court directly to the Supreme Court, and the same provision, in substance, is contained in the 8th section of the Act to establish Appellate Courts, as amended June 6, 1887. This court, then, has no jurisdiction of appeals in cases where a freehold is involved.

In the present case there is directly involved an estate in fee in a right of way, which is an incorporeal hereditament. The complainant, by his bill, claims title in fee to a right of way over the defendant's lands, and such title is put in issue by the pleadings and is established by the decree. An estate in fee in an incorporeal hereditament is a freehold. Blackstone defines a freehold to be "such an estate in lands as is conveyed by livery of seizin, or of tenements of any incorporeal nature, by what is equivalent thereto." 2 Black. Com.

104. The same learned author says that the regular method by the common law of transferring the property of incorporeal hereditaments, or such things whereof no livery can be had, is by grant. *Ibid.* 317. Accordingly, freeholds of incorporeal hereditaments are said to lay in livery, and of incorporeal hereditaments in grant. 1 Preston on Estates, 13. Mr. Preston, in discussing the doctrine of freehold estates, says: " Hereditaments which are incorporeal, as well as hereditaments which are corporeal, are the objects of this doctrine, and admit of application of this term. So long as an estate of freehold subsists in the property, that estate will require the denomination of a freehold interest, without regard to the subject of property in which the estate is subsisting." 1 Preston on Estates, 214. In Hewlins v. Shippam, 5 Barn. & C. 221, it was held, on full and elaborate review of the authorities, that a right to A and his heirs to construct and maintain a drain through the lands of B for the purpose of carrying water from the land of A, was a right of freehold.

A freehold being involved in this case, we are without jurisdiction, and the appeal must therefore be dismissed.

*Appeal dismissed.*